IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Shawnta Tracey, *a.k.a. Tracey*, | C/A No.: 1:12-1614-JMC-SVH |
| Plaintiff, | |
| vs. | |
| | REPORT AND RECOMMENDATION |
| Nelson v. Leeke; William Byars, SCDC Director; State of South Carolina; South Carolina Department of Corrections; Nikki Haley, Governor of South Carolina; South Carolina General Assembly; Kirkland Correctional Institution Warden Bernard McKie, Staff, and Officers; Evans Correctional Institution Warden Willie Eagleton, et al., | |
| Defendants. | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate incarcerated at Evans Correctional Institution ("ECI") and brings this action alleging violations of 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the following defendants from this action, without prejudice and without issuance and service of process: Nelson v. Leeke; William Byars, SCDC Director; State of South Carolina; South Carolina Department of Corrections ("SCDC"); Nikki Haley, Governor of South Carolina; and South Carolina General Assembly. In a separately docketed order, the undersigned has authorized service

against defendants Bernard McKie, Warden of Kirkland Correctional Institution, and Willie Eagleton, Warden of Evans Correctional Institution.

I.  Factual and Procedural Background

Plaintiff and sixty-eight other prisoners confined at Kirkland Correctional Institution ("KCI") signed a pleading alleging overcrowded prison conditions. [Entry # 2]. On June 11, 2012, the court issued an order directing the Clerk of Court to assign a separate civil action number to Plaintiff's case. [Entry # 1]. The undersigned then issued an order directing Plaintiff to bring this case into proper form for initial review. [Entry # 7]. Plaintiff complied with the order and submitted an amended complaint. [Entry # 13]. The court issued a second order on August 3, 2012 directing Plaintiff to provide service documents for the defendants named in the amended complaint. [Entry # 21]. Plaintiff complied with the second proper form order and this case is now ready for initial review.

The amended complaint alleges that Plaintiff arrived at KCI on April 16, 2012, and was housed with two other inmates in a "two (2) Man Cell" for forty-nine days. [Entry # 13 at 3]. Plaintiff claims that he "was forced to sleep on the floor next to the toilet" and that "no cleaning supplies [were] made available to sanitize the cell, toilet, floor, etc." *Id.* Plaintiff alleges that he now has "a medical issue of Stys relating to [his] eyes" that he believes was caused by the purportedly unsanitary conditions at KCI. *Id.* The amended complaint also claims that the defendants failed to provide: (1) a sufficient amount of nutritious food; (2) a sufficient amount of toilet paper and other hygiene supplies (3) adequate opportunity to

2

shower; (4) adequate outside recreation; and (5) Muslim religious services and materials. *Id.* at 3–4. Plaintiff indicates that he has "developed swelling in the ankles," which he attributes to the lack of exercise at both KCI and ECI. *Id.* at 4. Plaintiff seeks injunctive relief and monetary damages. *Id.* at 5.

II.     Discussion

    A.     Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine*

3

*v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

  B. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). In addition, a plaintiff must affirmatively show that a defendant acted personally in the deprivation of his or her constitutional rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). When a complaint contains no personal allegations against a defendant, that defendant is properly dismissed. *See Howard v. Childs*, C/A No. 3:11-3418-JFA-SVH, 2012 WL 527596 at *4 (D.S.C. Jan. 19, 2012). While the amended complaint provides sufficient factual information with withstand summary dismissal against defendants Bernard McKie and Willie Eagleton, Plaintiff's claims against the remaining defendants are subject to summary dismissal.

First, the amended complaint provides no allegations of direct personal involvement against defendants Nikki Haley and William Byars. Instead, Plaintiff alleges that Governor

4

Nikki Haley "is responsible for not using the provisions of law for overcrowding, oversight on budgetary spe[nd]ing concerning care of inmates " and "William Byars, SCDC Director is responsible for custody, maintenance, health, welfare, education, and rehabilitation of inmates." [Entry # 13 at 4]. However, such general allegations, absent any specific facts of personal involvement in the events giving rise to this case, are insufficient to state a cognizable § 1983 claim against defendants Haley and Byars in their individual capacities.

In addition, when construed as a claim for supervisory liability, defendants Haley and Byars are also entitled to dismissal. A § 1983 claim for supervisory liability cannot rest on the doctrine of respondeat superior, *Carter v. Morris*, 164 F.3d 215, 221 (4th Cir.1999), and certain criteria must be established to hold a supervisory official liable for constitutional injuries inflicted by their subordinates. *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir.1994). A plaintiff must show that the supervisory official was (1) actually or constructively aware of a risk of constitutional injury, (2) deliberately indifferent to that risk, and (3) that an affirmative causal link exists between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *Carter v. Morris*, 164 F.3d at 221. The amended complaint contains no facts against defendants Haley or Byars to demonstrate that they were aware of, or deliberately indifferent to, any constitutional risk of injury to Plaintiff. Because the amended complaint fails to state a cognizable claim against defendants Haley and Byars based on personal or supervisory liability, these defendants are entitled to summary dismissal from this case.

Next, Plaintiff names several defendants who are protected from suit under § 1983 by the Eleventh Amendment, which bars suits by citizens against non-consenting states brought either in state or federal court. *See Alden v. Maine*, 527 U.S. 706, 712–13 (1999); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Hans v. Louisiana*, 134 U.S. 1 (1890). The Supreme Court "has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974). Such immunity extends to arms of the state, including a state's agencies and instrumentalities. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984); *see also Regents of the University of California v. Doe*, 519 U.S. 425, 429 (1997). While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither of those exceptions apply in the instant case.[1] Because the State of South Carolina, the SCDC, and the South Carolina General Assembly are protected from Plaintiff's claims by the Eleventh Amendment, these defendants should be summarily dismissed from this case.

Finally, it is noted that the caption of Plaintiff's amended complaint contains a cite to *Nelson v. Leeke*. [Entry # 13 at 1].[2] The *Nelson* case, which concerned prison conditions at SCDC, resulted in a consent decree in the mid-1980's. *See Plyler v. Leeke,* C/A No. 3:82-

---

[1] Congress has not abrogated the states' sovereign immunity under § 1983. *See Quern v. Jordan*, 440 U. S. 332, 343 (1979). Further the state of South Carolina has not consented to suit in federal district court. *See* S.C. Code Ann § 15-78-20(e).

[2] Plaintiff did not submit service documents for *Nelson v. Leeke*.

0876-2, 1986 WL 84459 (D.S.C. March 26, 1986).[3] However, the court terminated that consent decree on June 4, 1996, pursuant to the Prison Litigation Reform Act. *See Plyler v. Moore*, 100 F.3d 365 (4th Cir. 1996). Thus, Plaintiff's reliance on the *Nelson* case is misplaced. *See Littlejohn v. Blanton*, C/A No. 6:08-242-RBH, 2008 WL 701385 at *2 (D.S.C. March 13, 2008).

III. Conclusion

For the foregoing reasons, it is recommended that the following defendants be dismissed from this case without prejudice and without issuance and service of process: Nelson v. Leeke; William Byars, SCDC Director; State of South Carolina; South Carolina Department of Corrections; Nikki Haley, Governor of South Carolina; and South Carolina General Assembly.

IT IS SO RECOMMENDED.

August 31, 2012  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[3] Gary Wayne Nelson was the original representative for the class in *Nelson v. Leeke*, Civil Action No. 3:82-876-2. Upon Mr. Nelson's release from SCDC, Harry Plyler became the class representative. However, the case is often referred to as the *Nelson* suit. *See Plyler v. Evatt*, 846 F.2d 208 (4th Cir. 1988).

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).