IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Shawnta Tracey, *a.k.a Tracey* ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> Nelson v. Leeke; William Byars, SCDC ) <br> Director; State of South Carolina; South ) <br> Carolina Department of Corrections; ) <br> Nikki Haley, Governor of South ) <br> Carolina; South Carolina General ) <br> Assembly; Kirkland Correctional ) <br> Institution Warden Bernard McKie, ) <br> Staff, and Officers; Evans Correctional ) <br> Institution Warden Willie Eagleton, et ) <br> al., ) <br> ) <br> Defendants. ) <br> _____) | Civil Action No. 1:12-cv-01614-JMC <br><br> **ORDER AND OPINION** |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report"), [Dkt. No. 26], filed on August 31, 2012, regarding Plaintiff Shawnta Tracey's ("Plaintiff") claims alleging violations of 42 U.S.C. §1983. Plaintiff, proceeding *pro se* and *in forma pauperis*, is currently a prisoner at the Evans Correctional Institute, and he is one of sixty-nine other plaintiffs who have challenged overcrowding at Kirkland Correctional Institute, where Plaintiff was previously held. In his Amended Complaint [Dkt. No. 13], Plaintiff includes in his list of defendants *Nelson v. Leeke*;[1] William Byars,

---

[1.] The Magistrate Judge found Plaintiff's reliance on the case *Nelson v. Leeke,* C. A. No. 3:82-876-2, *sub nom Plyler v. Leeke*, C.A. No. 3:82-0876-2, 1986 WL 84459 (D.S.C. March 26, 1986) is misplaced because the consent decree that resulted from that case has since been terminated. *See Plyler v. Moore*, 100 F.3d 365 (4th Cir. 1996). Moreover, Plaintiff did not submit service documents for *Nelson v. Leeke*.

1

Director of the South Carolina Department of Corrections; the State of South Carolina; Nikki Haley, Governor of South Carolina; the South Carolina General Assembly, and the South Carolina Department of Corrections. The Magistrate Judge recommends that these defendants be dismissed from this case without prejudice and without issuance and service of process, allowing the case to proceed against the remaining defendants. For the reasons stated below, this court agrees. The Report sets forth in detail the procedural history, the relevant facts and the legal standards on this matter, which the court incorporates herein without a recitation.

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. "The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination." *Wallace v. Hous. Auth.*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citing *Matthews v. Weber*, 423 U.S. 261, 271 (1976)). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

"In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to timely file specific written objections to the Report results in a party's waiver of his right to appeal the judgment of the District Court based on such a recommendation. 28 U.S.C. § 636(b)(1); *Adams v. South Carolina*, 244 F. App'x 534, 535 (4th Cir. 2007); *Wright v. Collins,*

766 F.2d 841, 845-46 (4th Cir.1985); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

Plaintiff was advised of his right to file objections to the Report [Dkt. 26 at 8]. The Report was mailed to Plaintiff on August 31, 2012, and Plaintiff was directed in writing to file his objections, if he so chose, by September 17, 2012, in accordance with 28 U.S.C. § 636(b)(1). *See* Fed. R. Civ. P. 72(b); *see also* Fed. R. Civ. P. 6(a), (d). Plaintiff alleges he did not receive the Report until September 6, 2012. Plaintiff signed his objections on September 24, 2012, and the prison mailed his objections on September 25, 2012. [Dkt. No. 33]. The court received those objections on September 27, 2012.

The court finds that Plaintiff's objections were not timely filed.[2] Therefore the court reviews the record only for a clear error of law.

The Magistrate Judge correctly determined that Plaintiff failed to state a claim against Governor Haley and Director Byars on the grounds that Plaintiff alleged no specific facts suggesting these defendants had any personal involvement in the events giving rise to this case. Moreover, the Magistrate Judge found that Plaintiff failed to establish facts to support supervisory liability under § 1983. Plaintiff's objections present no additional evidence to support either theory of liability.

The Magistrate Judge also determined that the State of South Carolina, the South Carolina General Assembly and the South Carolina Department of Corrections were immune from suit under the Eleventh Amendment. Plaintiff objects to the Magistrate Judge's ruling as to

---

[2] In his objections, Plaintiff seeks "the protection of *Houston v. Lack*", 487 U.S. 276 (1988), which held that an incarcerated petitioner's notice of appeal is filed for the purposes of Rule 3 and 4 of the Federal Rules of Civil Procedure when it is delivered to prison authorities for forwarding to the court clerk. Reference to this case suggests that Plaintiff thought he had 30 days with which to file objections to the Report. However, the 30-day time limit referenced in *Houston* referred to notices of appeal. Here, the Magistrate Judge's Report explicitly stated that Plaintiff's objections had to be filed within 14 days, in accordance with 28 U.S.C. § 636(b)(1).

the South Carolina General Assembly, alleging that its inaction is responsible for the conditions at the prison that form part of Plaintiff's § 1983 claim. Plaintiff does not dispute the Magistrate Judge's Eleventh Amendment immunity argument.

Upon review the court is satisfied that there is no clear error in the Magistrate Judge's Report. Moreover, the court finds that the Magistrate Judge correctly stated the law and properly determined that dismissal as to the above-discussed Defendants is proper. For these reasons, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation [Dkt. No. 26]. Defendants *Nelson v. Leeks*, Governor Nikki Haley, Byars, the State of South Carolina, the South Carolina General Assembly and the South Carolina Department of Corrections are dismissed from the case without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

October 1, 2012
Greenville, South Carolina