# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Shawnta Tracey, ) | |
| ) | Civil Action No. 1:12-cv-01614-JMC |
| Plaintiff, ) | |
| ) | |
| v.  ) | **OPINION AND ORDER** |
| ) | |
| ) | |
| Kirkland Correctional Institution ) | |
| Warden Bernard McKie, Staff, and ) | |
| Officers; and Evans Correctional ) | |
| Institution Warden Willie Eagleton, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report"), [Dkt. No. 57], filed on April 2, 2013, recommending that Defendants' Motion for Summary Judgment be granted [Dkt. No. 46]. Plaintiff timely filed his *pro* se Objections to the Report and Recommendation ("Objections") on April 22, 2013 [Dkt. No. 60]. For the reasons set forth herein, the court **ACCEPTS** the Magistrate Judge's Report as to the exhaustion analysis and **GRANTS** Defendants' Motion for Summary Judgment. Plaintiff's claims are DISMISSED WITHOUT PREJUDICE to refiling after he exhausts his administrative remedies.

## FACTUAL AND PROCEDURAL BACKGROUND

The relevant facts and legal standards regarding the underlying § 1983 action are set forth in detail in the Report, which the court incorporates herein without a recitation. After the Report was filed, Plaintiff responded with timely Objections. The Objections restated Plaintiff's claims

1

that the conditions of his confinement violated his Constitutional rights and that administrative remedies were either withheld or not readily available.

## STANDARD OF REVIEW

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an Order from the court based upon the Report. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). If the plaintiff fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required.

## ANALYSIS

In this case, Plaintiff's Objections lack the requisite specificity required by Federal Rules of Civil Procedure 72(b). In the Objections, Plaintiff merely restates his initial claims; there are no specific portions of the Report noted, nor any bases for the Objections articulated. Since Plaintiff failed to properly object to the Report with specificity, the court does not need to conduct a *de novo* review and instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond*, 416 F.3d at 316. The court does not find clear error and accepts the Report by the Magistrate Judge. Plaintiff must exhaust his administrative remedies before the action can be removed to federal court. 42 U.S.C. §

1997e(a); *see Porter v. Nussle*, 534 U.S. 516 (2002). Plaintiff does not dispute that he has failed to exhaust these remedies and thus the Magistrate Judge properly recommended granting summary judgment.

## CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report and Recommendation and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation. [Dkt. No. 57]. It is therefore **ORDERED** that Defendants' Motion for Summary Judgment is **GRANTED** and Plaintiff's Complaint is **DISMISSED** without prejudice. *Demmons v. Derrick*, CA 6:12-1291-CMC-KFM, 2013 WL 1808318 (D.S.C. Apr. 26, 2013) (citing *Bryant v. Rich,* 530 F.3d 1368, 1375 n. 11 (11th Cir.2008) (noting that district court's dismissal without prejudice on summary judgment motion proper where "neither party has evidenced that administrative remedies at [the correctional facility] are absolutely time barred or otherwise clearly infeasible.")). Plaintiff's Motion to Compel [Dkt. No. 50] is thereby rendered moot.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

Greenville, South Carolina
June 17, 2013